BEATRICE ALICE POOLE SOUBERBIELLE AND ADRIEN
SOUBERBIELLE, ADMINISTRATRIX AND ADMINIS-
TRATOR WITH THE WILL ANNEXED OF THE
ESTATE OF MARIANO EDOUARD SOU-
BERBIELLE, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed November 19, 1914.*

INHERITANCE TAX—*facts showing right to refund.* Claimants, in
order to secure the transfer of certain shares of stock owned by
decedent, a resident of New York, in the Pullman Company, an Illi-
nois corporation, and to protect the State of Illinois in the collection
of an inheritance tax from the estate of decedent, deposited with
one of the Chicago banks an amount sufficient to cover said tax.
After the fixing of the tax by the county judge, the bank paid the
tax as fixed, after which an appeal was prayed to the county court,
which court reduced the amount of the tax. *Held,* that claimants
are entitled to a refund of the tax erroneously paid.

Burry, Johnstone & Peters, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

The claim in this case is for a refund of inheritance
tax, claimed to have been erroneously and excessively
paid to the county treasurer of Cook County, on the
17th day of October, A. D. 1913, and is made under
provisions of section 10 of an Act entitled, "An Act to
tax gifts, legacies, inheritances, transfers, appoint-
ments and interests in certain cases and provide for
the collection of same, and repealing certain Acts
therein named," approved June 14, 1909.

The claim in question discloses, that decedent died
testate on August 17, 1912, and on July 3, 1913, claim-
ants were duly appointed administrators with the will
annexed of the estate of said deceased by the surro-
gate's court of the county and State of New York, and
were duly qualified and acting as such administrators.

That among the assets of the estate of said deceased,
were six hundred shares of stock of the Pullman Com-

pany, a corporation, incorporated under the laws of the State of Illinois; that claimants as administrators made application in Illinois in the usual manner for the appointment of an appraiser and for the entry of an order fixing the amount of inheritance tax on said shares of stock, and to secure the payment of any tax that might be assessed against said interests, claimants deposited with the Peoples Trust & Savings Bank of Chicago, to the credit of the inheritance tax official, the sum of $1,750.00; that an appraiser was appointed, who filed his report with the county judge of Cook County, who in turn entered an order on October 17, 1913, fixing the cash value of the several estates, gifts, transfers, etc., in the said Illinois property and assessing the total inheritance tax thereon, in the sum of $1,580.56. On October 17, 1913, the Peoples Trust & Savings Bank paid to the county treasurer of Cook County, out of said deposit, the sum of $1,691.20, being the amount of the tax fixed by the order of the county judge, with interest thereon, at six per cent for one year and two months; all the money paid to the county treasurer of Cook County was by the said county treasurer transmitted to the State Treasurer of the State of Illinois.

On December 11, 1913, an appeal was taken to the county court of Cook County, from the said order of the county judge, fixing the tax as aforesaid, and an order was entered in the county court finding that the order of the county judge approving the appraiser's report was erroneous. The court assessed the total tax to which the several interests were liable at $611.89, to which should be added interest at 6 per cent for one year and two months, amounting to $42.83.

Thereupon, claimants made application to the county treasurer of Cook County, for a refund of the amount of the inheritance tax, erroneously paid by them, and were notified that it had been paid to the State Treasurer, and on December 12, 1913, they made application to the State Treasurer for a refund, but were informed

that no appropriation was available for that purpose.

We find that claimants have paid to the State an erroneous and excessive tax; that they have in all respects complied with the law to secure the refund; and that they are entitled to have returned to them by the State the sum of $1,036.48.

We, therefore, accordingly award to claimants, the sum of one thousand thirty-six and 48-100 ($1,036.48) dollars.